*182 OPINION OF THE COURT
Per Curiam.
The Grievance Committee for the Second and Eleventh Judicial Districts received a consent order of disbarment from the Superior Court of the State of North Carolina, Wake County, dated February 11, 2008, which was based upon the respondent’s plea of guilty to conspiracy to commit mortgage fraud, in violation of 18 USC § 371, and mail fraud and aiding and abetting, in violation of 18 USC § 1341, in the United States District Court for the Western District of North Carolina, Charlotte Division, on February 6, 2008.
At the time he consented to disbarment in North Carolina, the respondent was aware that he was the subject of an investigation concerning allegations that he conspired to engage in mortgage fraud and participated in such fraud by actions taken in the course of closing real estate transactions and by distributing funds differently than as stated on the HUD-1 Settlement Statements. In conjunction with his plea of guilty, the respondent surrendered his license to practice law in North Carolina. His resignation was freely and voluntarily tendered with a full awareness of the implications of its submission. It was not the result of coercion or duress. The respondent acknowledged that the material facts upon which the investigation was predicated were true. He conceded that he would be unable to successfully defend himself against any disciplinary charges predicated upon the misconduct in question.
Based upon the foregoing, the North Carolina Superior Court made a number of conclusions of law which led to the respondent’s disbarment. By conspiring to engage in mortgage fraud and participating in that fraud by actions taken in the course of closing real estate transactions and by distributing funds differently than as stated on the HUD-1 Settlement Statements, the respondent engaged in criminal acts that reflected adversely on his honesty, trustworthiness, or fitness as a lawyer and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of the Revised Rules of Professional Conduct. It was determined by the North Carolina Superior Court that the respondent’s misconduct constituted grounds for disbarment, and he was precluded from petitioning for reinstatement in that state for at least five years.
Although service of the notice pursuant to 22 NYCRR 691.3 was effected upon the respondent’s attorney on April 23, 2008, the respondent failed to raise any of the enumerated defenses to the imposition of reciprocal discipline or demand a hearing.
*183 Inasmuch as the respondent has neither asserted any of the enumerated defenses nor demanded a hearing, there is no impediment to the imposition of reciprocal discipline at this juncture. Under the circumstances, we find that the respondent’s misconduct warrants his disbarment in New York as well.
Prudenti, EJ., Mastro, Rivera, Skelos and Fisher, JJ., concur.
Ordered that the petitioner’s application is granted; and it is further,
Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Anthony G. Young, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that the respondent, Anthony G. Young, shall promptly comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Anthony G. Young, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Anthony G. Young, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).